NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE: MARIO VILLENA, JOSE VILLENA,**
*Appellants*

---

2017-2069

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Application No. 13/294,044.

---

Decided: August 29, 2018

---

BURMAN YORK MATHIS, III, Law Offices of Burman Y. Mathis, Harpers Ferry, WV, argued for appellants.

ROBERT J. MCMANUS, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, argued for appellee Andrei Iancu. Also represented by BENJAMIN T. HICKMAN, THOMAS W. KRAUSE.

---

Before PROST, *Chief Judge*, HUGHES and STOLL, *Circuit Judges*.

STOLL, *Circuit Judge*.

Mario and Jose Villena (collectively, "Applicants") appeal the final decision of the U.S. Patent and Trademark

Office's Patent Trial and Appeal Board ("Board") affirming the rejection of claims 57–59 of U.S. Patent Application No. 13/294,044 as claiming patent-ineligible subject matter under 35 U.S.C. § 101. We affirm.

I

The '044 application is titled "Systems and Methods for Property Information Development, Distribution and Display" and "relates to a computer-based system for creating and maintaining massive databases containing computationally complex and novel property information." J.A. 62, 739.

Claim 57, which the Board considered representative of the rejected claims, recites:

57. A system for distributing real-estate related information, comprising:

one or more computers configured to:

receive user-provided information and determine a geographic region based on received user-provided information;

produce a plurality of automated valuation method (AVM) values using residential property information, the residential properties being within the geographic region, the AVM values reflecting current market estimates for the residential properties;

provide display information to a remote terminal over a publically accessible network based on the user-provided information, the display information enabling the remote terminal to generate a map-like display for the geographic region, the map-like display containing at least:

respective icons for each of a plurality of residential properties within the geographic region, the

icons being spatially distributed relative to one another based on geographic information also residing in one or more computer-readable mediums; and

an AVM value for at least one of the plurality of residential properties within the map-like display, wherein each AVM value is pre-process [sic] such that an AVM value for the at least one residential property pre-exists before a user query of the respective property is performed,

and wherein the one or more computers update each of the AVM values without requiring a user query.

J.A. 215–16; *see also* J.A. 216–17 (claims 58–59). The Board affirmed the examiner's rejection of claims 57–59 under § 101 and maintained its affirmance on rehearing. Applicants appeal. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A) and 35 U.S.C. § 141(a).

II

We review de novo whether a claim is drawn to patent-ineligible subject matter. *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1365 (Fed. Cir. 2018) (citing *Intellectual Ventures I LLC v. Capital One Fin. Corp.*, 850 F.3d 1332, 1338 (Fed. Cir. 2017)). Section 101 defines patent-eligible subject matter as "any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof." 35 U.S.C. § 101. Laws of nature, natural phenomena, and abstract ideas, however, are not patentable. *See Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 566 U.S. 66, 70–71 (2012) (citing *Diamond v. Diehr*, 450 U.S. 175, 185 (1981)).

To determine whether an invention claims ineligible subject matter, the Supreme Court has established a two-step framework. First, we must determine whether the claims at issue are directed to a patent-ineligible concept

such as an abstract idea. *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2355 (2014). Second, if the claims are directed to an abstract idea, we must "consider the elements of each claim both individually and 'as an ordered combination' to determine whether the additional elements 'transform the nature of the claim' into a patent-eligible application." *Id.* (quoting *Mayo*, 566 U.S. at 79). To transform an abstract idea into a patent-eligible application, the claims must recite "more than simply stating the abstract idea while adding the words 'apply it.'" *Id.* at 2357 (quoting *Mayo*, 566 U.S. at 72 (internal alterations omitted)).

Beginning with *Alice* step one, we conclude that claim 57 is directed to an abstract idea—specifically, a fundamental economic practice. Claim 57 merely recites the familiar concept of property valuation. As the Supreme Court explained in *Alice*, claims involving "a fundamental economic practice long prevalent in our system of commerce," such as the concepts of hedging and intermediated settlement, are patent-ineligible abstract ideas. *Alice*, 134 S. Ct. at 2356 (quoting *Bilski v. Kappos*, 561 U.S. 593, 611 (2010)). It follows that the claims at issue here are directed to an abstract idea. Applicants' claims recite one or more computers configured to receive a user's target geographic region, produce property valuations, and display that information. Like the risk hedging in *Bilski* and the concept of intermediated settlement in *Alice*, the concept of property valuation, that is, determining a property's market value, is "a fundamental economic practice long prevalent in our system of commerce." *Id.* (quoting *Bilski*, 561 U.S. at 611). Prospective sellers and buyers have long valued property and doing so is necessary to the functioning of the residential real estate market. As such, claim 57 is directed to the abstract idea of property valuation.

Turning to *Alice* step two, we conclude that claim 57 does not contain an inventive concept sufficient to "'trans-

form the nature of the claim' into a patent-eligible application." *Id.* at 2355 (quoting *Mayo*, 566 U.S. at 78). The elements of claim 57 simply recite an abstract idea executed using computer technology, such as "one or more computers" and a "remote terminal" on a "publically accessible network." '044 application at claim 57; J.A. 215. Applicants argue that an inventive concept arises from the ordered combination of steps in claim 57, but we are not convinced. Claim 57 recites the basic steps of receiving user input, producing property valuations, and providing display information. This is a classic case of implementing an abstract idea on a computer, which is not eligible under *Alice*. *Id.* at 2358. Nor do the pre-processing limitations in the claim add anything more to make the claims eligible. Rather, the pre-processing limitations are directed to using a computer to perform routine computer activity.

Nor are we persuaded by Applicants' argument that the Board failed to provide substantial evidence to support its rejection. Not every § 101 determination contains genuine disputes regarding underlying facts material to the § 101 inquiry. *Berkheimer*, 881 F.3d at 1368. Applicants do not point to any unresolved factual disputes that would warrant such consideration here.

In sum, claims 57–59 are directed to the abstract idea of property valuation and fail to recite any inventive concepts sufficient to transform that abstract idea into a patent-eligible invention. We therefore affirm.

**AFFIRMED**

COSTS

No costs.